**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Jami Stephens,                                             Case No. 3:14CV908

    Plaintiff

    v.                                                         **ORDER**

Credit Adjustments, Inc.,

    Defendant

This is a *pro se*[1] suit. In prior orders, I have directed the plaintiff to appear for a deposition. She has failed to do so twice. I have also informed her of the consequences of not performing her duty to appear to be deposed. In doing so, I have overruled her claim that a deposition somehow intrudes on her right to privacy.

That is a meritless contention. If plaintiff wished to preserve her privacy, she should not have filed this suit. Once she did so, she cannot protest, on a blanket basis, the defendant's desire to hear firsthand from her and under oath what basis she has for the claims in her complaint.

Pending is defendant's motion for sanctions. (Doc 24). Instead of objecting to the motion, the plaintiff has filed a motion for recusal. (Doc. 26).

I address the motion to recuse first. It has no merit. Plaintiff claims that I have a personal bias. I do not, and nothing in my conduct of these proceedings, either *via* my prior orders or during and on the record in conference plausibly or reasonably sustains that contention.

In addition to her complaint about being referred to as proceeding on a *pro se* basis, plaintiff claims that my efforts to advise her on the risks of doing so constituted a threat. They were not: my

---

[1] Plaintiff objects to my use of the term "*pro se*" to refer to her status. In her subjective view, there is something demeaning in my use of that term – *i.e.*, that it denigrates her right to proceed on her own without counsel. It does not. *Pro se* is a term of ordinary usage in the law, and, as such, is an apt and accurate description of the plaintiff.

advice to her was simply that: advice to a person acting without an attorney on the risks of doing so. That advice was well intended, though it was not well taken.

As a result, plaintiff, by willfully ignoring the lawful orders of this court by twice failing to appear for a lawful deposition (as every civil litigant must), has left this court with no option by to dismiss her complaint with prejudice, deny her motion to recuse, and overrule other pending motions as moot.

I decline to grant that part of defendant's motion that seeks imposition of attorneys' fees and costs – though I have ample justification for doing so. My denial of that aspect of defendant's motion is, however, without prejudice. In the event plaintiff appeals this order or any part thereof and the Court of Appeals affirms, leave is hereby granted to defendant to thereafter renew its motion for an award of its attorneys' fees and costs, including such fees and costs incurred in defending any such appeal by the plaintiff.

It is accordingly

ORDERED THAT:

1. Plaintiff's motion to recuse (Doc. 25) be, and the same hereby is denied; and
2. Defendant's motion for sanctions (Doc. 26) granted in part and, without prejudice denied in part; and
3. Plaintiff's complaint dismissed, without prejudice; other pending motions denied as moot.

An appeal from this order could not be taken in good faith and shall not be allowed without prepayment of the requisite filing fee.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge